JIBOLUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIBOLA OJO,<br><br>                              Plaintiff,<br><br>        -against-<br><br>WE PEBBLE POINT, LLC D/B/A PEBBLE<br>POINT APARTMENTS, et al.,<br><br>                              Defendants. | |

23-CV-9010 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

his former landlord, WE Pebble Point, LLC d/b/a Pebble Point Apartments, and the Marion

County Small Claims Court deprived him of his rights in connection with his eviction from an

apartment in Indianapolis, Indiana.[1] For the following reasons, the Court transfers this action

under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Indiana.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff brings his claims on a complaint form captioned for the United States District
Court for the Eastern District of New York. He checks a box on the complaint form indicating
that he is bringing claims for deprivation of his rights under 42 U.S.C. § 1983. (ECF 1, at 4.)

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who was born in Nigeria and presently resides in Brooklyn, New York, brings this action arising from a court action in the Marion County Small Claims Court in Indianapolis, Indiana. He alleges that Defendants denied him due process and discriminated against him on the basis of his skin color and country of birth. Plaintiff asserts that Defendants reside in or can be found in Indianapolis, Marion County, Indiana, where the alleged events giving rise to his claims occurred. Because Plaintiff filed this action regarding events occurring in Indianapolis, Indiana, where the defendants are located, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Marion County, Indiana, which is located in the Southern District of Indiana. *See* 28 U.S.C. § 94(b)(1). Accordingly, venue lies in the Southern District of Indiana, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Indiana, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 24, 2023
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

3